

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 6, 1957

Hon. W. G. Woods, Jr.
County Attorney
Liberty County
Liberty, Texas

Dear Mr. Woods:

OPINION NO. WW-242

Re: Whether or not the car which
a Deputy Sheriff owns and
maintains exclusively for
law enforcement work is
exempted from the State
Motor Vehicle Sales Tax,
and related questions.

You request the opinion of this office upon the question submitted in your letter of July 25, 1957, which we quote as follows:

"I have been requested by Mr. W. M. Perkins, one of our deputy sheriffs of Cleveland, Texas, to get an opinion from your office concerning the State Motor Vehicle Sales Tax. Mr. Perkins owns two cars and a vehicle referred to as a 'jeep'. One of said cars is used exclusively for his personal benefit and the 'jeep' is used for his personal benefit as well as his law enforcement work. One of said cars, however, is equipped with a short wave radio and is used exclusively for carrying out his law enforcement duties as a deputy sheriff.

"Is the car which Mr. Perkins owns and maintains exclusively for law enforcement work exempted from the State Motor Vehicle Sales Tax? If so, are the tires and equipment thereon exempted from the state sales tax?

"Article 8, Section 2 and Article 11, Section 9 of Texas Constitution and Article 7150 of V.A.C.S. exempt certain property used for public purposes from taxation, however I was unable to find any authority for exemption from taxation in a case similar to Mr. Perkins' request. It is requested that you furnish this office

> with any previous opinions rendered by the
> Attorney General's Office on this subject.
> If no related opinion has been rendered,
> I would be willing to prepare a formal re-
> quest for opinion."

In our letter of July 29, 1957, we requested more specific information but we have concluded that we may answer your request without this information.

We are here concerned only with the car owned by Mr. Perkins, the deputy sheriff of Liberty County, which he uses exclusively in his work as deputy sheriff.  For this car to be exempt from taxation we must find the authority in Section 2 of Article VIII of the Constitution of Texas or Section 9 of Article IX of the Constitution or Article 7150 of Vernon's Civil Statutes or in the taxing statute.  We do not think that either of these constitutional provisions or Article 7150 V.C.S., affords any basis for the exemption of the car owned by Mr. Perkins from the sales tax of 1.1% imposed by Section 1 of Article 7047k, V.C.S.  For property to be exempt from taxation under either of the constitutional provisions or the statute mentioned above as public property, it must be publicly owned as distinguished from privately owned.  Concededly, under the facts submitted, the car is privately owned by Mr. Perkins even though he may devote it to a public use.

The case of Texas Turnpike Company et al v. Dallas County, et al., 158 Tex. 474, 271 S.W. 2d 400 (1954), holds as follows:

> "Under the foregoing facts is the property
> in question 'publicly owned' so as to be ex-
> empt from taxes under Article XI, Section 9
> of the constitution?  Public ownership, for
> tax-exemption purposes, must grow out of the
> facts; it is a legal status, based on facts,
> that may not be created or conferred by mere
> legislative, or even contractual, declaration.
> If the state does not in fact own the taxable
> title to the property, neither the Legislature
> by statute, nor the petitioners and the Author-
> ity by contract, may make the state the owner
> thereof by simply saying that it is the owner."

Moreover, we assume that Mr. Perkins is reimbursed by the county as provided in Article 6877-1, Vernon's Civil Statutes upon a maintenance and mileage basis as provided by said statute.  In effect he devotes the use of the car to the

County and State in pursuing his official duties as deputy sheriff, but for this he is compensated as provided by the terms of the foregoing statute.

The key definitions found in Article 7047k, V.C.S., the taxing statute are "sale" or "sales", "retail sale" or "retail sales". These are as follows:

> "Sec. 3. (a) The term 'sale' or 'sales' as herein used shall include installment and credit sales, and the exchange of property, as well as the sale thereof for money, every closed transaction constituting a sale. The transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale."

> "(b) The term 'retail sale' or 'retail sales' as herein used shall include all sales of motor vehicles except those whereby the purchaser acquires a motor vehicle for the exclusive purpose of resale and not for use."

It will be observed that the tax is applicable to all retail sales unless the car is bought for the exclusive purpose of resale and not for use. The car in question is certainly not bought for the exclusive purpose of resale, but for use. The retail motor sales tax imposed by Article 7047k, V.C.S., would, therefore, be applicable to the car owned by Mr. Perkins, even though he devotes it exclusively to law enforcement purposes as deputy sheriff of Liberty County for which we assume he is reimbursed under the terms of Article 6877-1, V.C.S.

There remains for consideration that portion of your request dealing with accessories on the car. By the express terms of Article 7047k, V.C.S., "all accessories attached thereto at the time of the sale" are for the purpose of this tax considered a part of the car and the tax would be calculated upon the total consideration including the accessories attached thereto at the time of the sale. If the tires, and other equipment, such as a short wave radio were attached to the car at the time of the sale and included in the sales price of the car, the tax would apply. If the accessories were attached after purchase and after the sale, the motor vehicle sales tax would not apply to such accessories.

## S U M M A R Y

A car owned by a deputy sheriff and used exclusively by him in connection with his duties as a deputy sheriff, is subject to the Motor Vehicle Retail Sales Tax imposed by Article 4047k, Vernon's Civil Statutes, and all accessories attached to the car at the time of sale are also subject to the tax. Accessories purchased and attached subsequent to the sale would not be subject to the tax imposed by the mentioned statute. The deputy sheriff may receive reimbursement for the use of the car as provided by Article 6877-1, Vernon's Civil Statutes, on a maintenance and mileage basis, as provided by that statute.

Yours very truly,

WILL WILSON
Attorney General

By: L. P. Lollar
Assistant

LPL/fb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Mary Kate Wall

W. R. Hemphill

Roger Daily

REVIEWED FOR THE ATTORNEY GENERAL

BY: James N. Ludlum